UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

MARVIN ESTUARDO XOL-MAAS,

Petitioner,

v.

LaDEON FRANCIS, in his official capacity as
Acting Field Office Director of the New York Field Office of
U.S. Immigration and Customs Enforcement;

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security; and

PAM BONDI, in her official capacity as
Attorney General of the United States,

Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### *(EMERGENCY PETITION)*

INTRODUCTION

1. Petitioner Marvin Estuardo Xol-Maas ("Petitioner") brings this Petition to challenge

   his unlawful detention by U.S. Immigration and Customs Enforcement ("ICE") at 26

   Federal Plaza, New York, New York, an ICE holding facility operated directly by

   ICE Enforcement and Removal Operations ("ERO").

2. Petitioner is a 21-year-old citizen of Guatemala who entered the United States as a minor and was placed in removal proceedings while still a minor. An order of removal was entered against him when he was a child.

3. Petitioner has no criminal history whatsoever. He is the beneficiary of an approved Form I-360, Petition for Special Immigrant Juvenile ("SIJ"), which remains valid and unrevoked. Petitioner has a pending Motion to Reopen his removal proceedings based on that approved SIJ classification and his eligibility to adjust status.

4. Petitioner's continued detention serves no legitimate governmental purpose, is punitive rather than regulatory, and violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act ("INA"), and the Suspension Clause of the United States Constitution.

5. This is an emergency habeas petition. Petitioner's detention prevents him from meaningfully pursuing congressionally created SIJ relief and subjects him to unnecessary confinement despite the absence of any lawful basis for detention.

PARTIES

6. Petitioner Marvin Estuardo Xol-Maas is a citizen of Guatemala currently detained by ICE in Manhattan, New York.

7. Respondent LaDeon Francis is named in his official capacity as the Acting Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement, located at 26 Federal Plaza, 7th Floor, New York, New York 10278. In this capacity, he is responsible for the detention and custody of Petitioner and is a legal custodian of Petitioner.

8. Respondent Kristi Noem is named in her official capacity as Secretary of the Department of Homeland Security, responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a). She is a legal custodian of Petitioner. Her address is U.S. Department of Homeland Security, 800 K Street N.W., Washington, D.C. 20528.

9. Respondent Pam Bondi is named in her official capacity as Attorney General of the United States and oversees the Executive Office for Immigration Review ("EOIR") pursuant to 8 U.S.C. § 1103(g). She is a legal custodian of Petitioner. Her office is located at United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

## JURISDICTION

10. This Court has jurisdiction over this Petition pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; and Article I, § 9, cl. 2 of the United States Constitution.

11. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202, the All Writs Act, 28 U.S.C. § 1651, and its inherent equitable powers.

12. Petitioner challenges the fact and legality of his detention, not the merits of removability.

## VENUE

13. Venue is proper in the Southern District of New York because Petitioner is detained by Respondents in Manhattan, at 26 Federal Plaza, within this District

FACTUAL BACKGROUND

14. Petitioner entered the United States as a child and was placed in removal proceedings while still a minor.

15. While under the jurisdiction of a state juvenile court, Petitioner obtained Special Immigrant Juvenile findings establishing that reunification with one or both parents was not viable due to abuse, neglect, or abandonment, and that it was not in his best interest to return to Guatemala.

16. Based on those findings, USCIS approved Petitioner's Form I-360 SIJ petition. That approval remains valid and has not been revoked.

17. Petitioner subsequently turned 21 years old. His age does not invalidate his SIJ approval, his eligibility to seek adjustment of status, or Congress's intent to protect SIJ beneficiaries.

18. Petitioner has a pending Motion to Reopen his removal proceedings based on his approved SIJ classification and eligibility to adjust status once a visa number becomes available.

19. Petitioner has never been arrested, charged, or convicted of any criminal offense. He poses no danger to the community and no risk of flight.

20. Petitioner's entire family resides in the United States. He has no meaningful family ties or support system in Guatemala.

21. Petitioner is currently detained in an ICE HOLD ROOM operated directly by ICE ERO at 26 Federal Plaza. This is not a county jail or private detention facility, and

there is no warden or superintendent. Petitioner is in the direct custody of ICE through the New York Field Office.

LEGAL FRAMEWORK

22. Congress created the Special Immigrant Juvenile classification to protect vulnerable immigrant children and provide them with a pathway to lawful permanent residence. 8 U.S.C. § 1101(a)(27)(J).

23. Approval of an SIJ petition reflects a binding federal determination that the individual merits humanitarian protection and that return to the country of nationality is contrary to the individual's best interests.

24. Civil immigration detention is permitted only for limited, non-punitive purposes: to mitigate flight risk or danger to the community. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

25. Detention that serves no removal-related purpose or where removal is not reasonably foreseeable violates the Due Process Clause.

26. Detention of SIJ beneficiaries awaiting reopening or adjustment frustrates congressional intent, serves no legitimate regulatory purpose, and is punitive in nature.

CLAIMS FOR RELIEF
COUNT ONE
VIOLATION OF THE FIFTH AMENDMENT – DUE PROCESS

27. Petitioner's detention is arbitrary, irrational, and punitive. ICE has no legitimate interest in detaining an SIJ beneficiary with an approved I-360, no criminal history, and a pending Motion to Reopen.

28. Petitioner's continued confinement violates both procedural and substantive due process.

COUNT TWO
UNLAWFUL DETENTION UNDER THE INA

**29.** Petitioner's detention is not authorized by INA §§ 236 or 241. Removal is not reasonably foreseeable while SIJ-based relief is pending, rendering detention unlawful.

COUNT THREE
SUSPENSION CLAUSE

30. Continued detention without meaningful judicial review violates the Suspension Clause of the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE**, Petitioner respectfully requests that this Court:**

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's transfer out of the New York City area;

3. Order Respondents to show cause why the writ should not be granted pursuant to 28 U.S.C. § 2243;

4. Declare that Petitioner's detention violates the Fifth Amendment, the INA, and the Constitution;

5. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody; and

6. Grant such other relief as the Court deems just and proper.

---

Dated January 3, 2026
Respectfully submitted,
/s/ Lina Stillman
Lina Stillman, Esq.
Stillman Legal P.C.
42 Broadway, 12th Floor
New York, NY 10004
(212) 203-2417
LS@StillmanLegalPC.com
PRO BONO COUNSEL FOR PETITIONER