UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

MARVIN ESTUARDO XOL-MAAS,

Petitioner,

v.

LaDEON FRANCIS, in his official capacity as
Acting Field Office Director of the New York Field Office of
U.S. Immigration and Customs Enforcement;

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security; and

PAM BONDI, in her official capacity as
Attorney General of the United States,

Respondents.

## **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, ADMINISTRATIVE STAY, AND ORDER TO SHOW CAUSE**
*(Filed Pursuant to 28 U.S.C. § 2241 and S.D.N.Y. ECF Rule 13.19)*

Petitioner Marvin Estuardo Xol-Maas, through counsel, respectfully moves this Court for emergency relief in the form of a Temporary Restraining Order ("TRO"), an immediate administrative stay, and an Order to Show Cause pursuant to 28 U.S.C. § 2243, enjoining Respondents from continuing his unlawful detention and from transferring him outside the jurisdiction of this Court while his habeas petition under 28 U.S.C. § 2241 is pending. This Motion is filed separately from the habeas petition in compliance with S.D.N.Y. ECF Rule 13.19.

## I. INTRODUCTION AND EMERGENCY NATURE OF RELIEF

1. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") in an ICE holding facility at 26 Federal Plaza, New York, New York, under the direct custody of ICE Enforcement and Removal Operations ("ERO").

2. Petitioner is a Special Immigrant Juvenile ("SIJ") beneficiary with an approved Form I-360, no criminal history, a pending Motion to Reopen his removal proceedings, and a congressionally created path to lawful permanent residence.

3. Petitioner's continued detention serves no legitimate governmental purpose, is punitive rather than regulatory, and violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Suspension Clause.

4. Immediate judicial intervention is required. Absent emergency relief, Petitioner will continue to suffer irreparable harm from unlawful detention, and Respondents may transfer him outside this District, thereby impairing this Court's habeas jurisdiction and frustrating meaningful judicial review.

## II. LEGAL STANDARD

A Temporary Restraining Order is warranted where the movant demonstrates:

1. Irreparable harm absent immediate relief;
2. Likelihood of success on the merits, or at minimum serious questions going to the merits;
3. A balance of hardships tipping sharply in the movant's favor; and
4. That the public interest favors relief.

See *Nken v. Holder*, 556 U.S. 418 (2009); *Devitri v. Cronen*, 289 F. Supp. 3d 287 (D. Mass. 2018).

All four factors overwhelmingly support emergency relief here.

III. ARGUMENT

A. Petitioner Will Suffer Immediate and Irreparable Harm Absent Relief

5. Petitioner's harm is ongoing and concrete. He is presently detained despite having:

- no criminal history;
- an approved SIJ petition;
- a pending Motion to Reopen; and
- strong family ties in the United States.

6. Continued detention inflicts irreparable constitutional injury, including loss of liberty, inability to pursue SIJ-based relief meaningfully, and separation from family.

7. Moreover, transfer outside this District would impair this Court's jurisdiction over the pending habeas petition, constituting irreparable harm as a matter of law.

Federal courts consistently hold that transfer or detention that frustrates habeas review constitutes irreparable injury. *See Nken*, 556 U.S. at 435; *Devitri*, 289 F. Supp. 3d at 294.

B. Petitioner Is Likely to Succeed on the Merits, or at Minimum Raises Serious Constitutional Questions

8. Petitioner's habeas petition raises substantial claims, including:

- unlawful civil detention under INA §§ 236 and 241;
- violation of substantive and procedural due process;
- detention that serves no removal-related purpose under *Zadvydas v. Davis*, 533 U.S. 678 (2001); and
- arbitrary and punitive detention of an SIJ beneficiary contrary to congressional intent.

9. Detaining an SIJ beneficiary with an approved I-360 and a viable path to adjustment—while awaiting reopening—cannot be squared with due process and exceeds statutory authority.

At minimum, these claims present serious questions going to the merits, sufficient to warrant emergency relief.

C. The Balance of Equities Strongly Favors Petitioner

10. If relief is denied, Petitioner remains unlawfully detained and risks transfer that would undermine judicial review.
11. If relief is granted, Respondents suffer no cognizable harm from maintaining the status quo pending adjudication of the habeas petition.

The balance of hardships overwhelmingly favors Petitioner.

D. The Public Interest Supports Immediate Relief

12. The public interest is served by:

- preserving access to federal courts;

- preventing agencies from mooting habeas jurisdiction through detention or transfer;

- ensuring lawful, individualized immigration detention decisions; and

- protecting constitutional rights.

A TRO here safeguards—not undermines—the rule of law.

IV. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue an immediate administrative stay of Petitioner's detention pending review of the habeas petition;

2. Grant a Temporary Restraining Order enjoining Respondents from transferring Petitioner outside the Southern District of New York;

3. Order Respondents to show cause pursuant to 28 U.S.C. § 2243 why the writ of habeas corpus should not issue;

4. Order Petitioner's immediate release, or release on recognizance, pending final adjudication;

5. Schedule expedited briefing and/or a prompt hearing; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: January 3, 2026

Respectfully submitted,

/s/ Lina Stillman
Lina Stillman, Esq.
Stillman Legal P.C.
42 Broadway, 12th Floor
New York, NY 10004

(212) 203-2417
LS@StillmanLegalPC.com